

FILED
2008 FEB -5 AM 10: 26
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

REINALDO LOPERENA
    Plaintiff,

vs.

CASE NO.

Mike Scott, in his official capacity as Lee County
Sheriff, a political subdivision
or County Office.

2:08-cv-99-FtM-34SPC

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant, demands trial by jury, and alleges:

### Introduction

1. This is an action arising from unlawful employment practices. This action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), Title 38, U.S.C. §4301, et seq.; Title I of the Americans with Disabilities Act of 1990 ("ADA"), P.L. 101-336, which enacted equal opportunity for individuals with disabilities, 42 U.S.C. §12101 et seq., and; the Florida Civil Rights Act, Fla. Stat. Ch. 760.01 ("FCRA").

2. Plaintiff, REINALDO LOPERENA, at all times material to this action is and was an individual residing in the state of Florida. He brings this law suit individually.

3. Defendant MIKE SCOTT, at all times material to this action, was the Lee County Sheriff, a political subdivision or constitutionally established County Office of the State of Florida. Fla. Const. Art. VIII, §1. MIKE SCOTT, in his official capacity as LEE

LAW OFFICES OF ANTHONY F. SANCHEZ, P.A.
1570 MADRUGA AVENUE, SUITE 211, CORAL GABLES, FL 331346, TELEPHONE (305) 665-9211

SCANNED

COUNTY SHERIFF, is charged with the duty and responsibility of complying with the federal and state antidiscrimination laws under which this action is brought.

## JURISDICTION

4. This Court has jurisdiction pursuant to 38 U.S.C. §4323; 42 U.S.C. §12111, and; Florida Statute, Chapter 760.11.

5. REINALDO LOPERENA has exhausted any applicable administrative remedies or other conditions precedent to filing suit, or these have been waived, or are otherwise inapplicable to this case.

6. On or about June 28, 2007, REINALDO LOPERENA dual filed a charge of discrimination against LEE COUNTY SHERIFF'S OFFICE with the United States Equal Opportunity Commission ("EEOC") and the Florida Commission of Human Relations. A true and correct copy of the Charge of Discrimination is attached hereto as composite Exhibit "A".

7. Thereafter, by letter dated November 19, 2007, the EEOC issued a Notice of Right to Sue, a copy of which is attached as Exhibit "B".

8. REINALDO LOPERENA filed the complaint in this court in a timely fashion following the exhaustion of any applicable and available administrative remedies.

9. Venue is proper in this Court in that the alleged unlawful conduct occurred in Lee County, Florida.

## ATTORNEY'S FEES

10. REINALDO LOPERENA has engaged the services of the undersigned

counsel and is obligated to pay a reasonable attorney's fee for said services.

## ENTITLEMENT TO ATTORNEY'S FEES

11. REINALDO LOPERENA is entitled to an award of attorney's fees pursuant to 38 U.S.C. §4323; 42 U.S.C. §12205; and/or Fla. Stat. 760.11(13).

## FACTUAL ALLEGATIONS

12. Reinaldo Loperena is an experienced law enforcement officer having served approximately 20 years with the N.Y.P.D. from which he retired on November 28, 2000.

13. Shortly following his retirement from the NYPD, Mr. Loperena was activated for approximately 60 days with the National Guard Reserves, 101 Cavalry Division for service in New York City relating to the September 11, 2001 attacks.

14. Thereafter, Mr. Loperena moved to Florida in the year 2002 to retire, even while he remained on reserves with the National Guard.

15. On May 15, 2004 Mr. Loperena was again activated from the reserves and shortly thereafter deployed for military service in Iraq where he served in uniform until approximately September 15, 2005.

16. When he returned from overseas, Mr. Loperena accepted employment and worked for approximately six months in a security capacity with the Administrative Office of the Courts, Tenth Judicial Circuit in and for Lee County, Florida. While he was so employed, he learned of and applied for employment with the Defendant Lee County Sheriff's Office, where he could serve as a Bailiff in the state Court system.

17. Mr. Loperena submitted to the entire application and interview process,

including testing and psychological evaluation. During the interview process, Mr. Loperena openly discussed his military service as well as the fact that he had been diagnosed as suffering from P.T.S.D. but that he was managing the condition well.

18. Following his successful completion of the interviewing, testing, evaluations and related protocol, Mr. Loperena was offered employment with the Defendant Lee County Sheriff's Office, which he accepted. Accordingly, he was directed to go to the offices of the Defendant at approximately 9:00 a.m. on May 2, 2007 for purposes of filling out Human Resources paperwork and being placed on the payroll.

19. Mr. Loperena arrived on time that day and shortly thereafter commenced to fill out the necessary paperwork with the assistance of a Human Resources clerk.

20. After completing all of the necessary paperwork, Mr. Loperena was issued a Lee County Sheriff's Office temporary identification card and permitted to leave. He also made arrangements to attend a Police Academy Equivalency of Training course commencing May 7, 2007, for which had been previously enrolled per the Defendant.

21. Shortly after leaving the Lee County Sheriff's Office on the same day that he had filled out all of the necessary paperwork (May 2), Mr. Loperena was phoned from the Sheriff's Office and told he would have to return to attend a previously unscheduled meeting with the very same psychologist who had already previously evaluated Mr. Loperena and reported to the Sheriff's Office that he was not psychologically unqualified for the position for which he had applied. Although the short term notice interfered with another important afternoon appointment, Mr. Loperena promptly returned to the

Sheriff's Office in the afternoon of that very same day, as instructed, and met briefly with the psychologist as directed.

22. The following day, he was advised by phone that he would not be hired, or that his employment or association with the Defendant was terminated.

## COUNT I
## VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT OF 1994

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-4 and 9-22 above, as if fully set forth herein.

23. This is an action brought pursuant to Title 38, U.S.C. §4301, et seq., the Uniformed Services Employment and Reemployment Rights Act of 1984 ("USERRA").

24. By virtue of his uniformed military service, Plaintiff Reinaldo Loperena is a person eligible to assert rights under USERRA.

25. Defendant Mike Scott, in his official capacity as Lee County Sheriff, is a private employer within the meaning of USERRA, 38 U.S.C. §4323.

26. Defendant violated Plaintiff Reinaldo Loperena's rights under USERRA in that it denied him initial employment, terminated him from "conditional" employment, otherwise subjected him to a different application protocol, and/or denied him other employment benefits, motivated upon Mr. Loperena's membership, service, prior service, or obligation for service in the uniformed services.

27. As a direct and proximate result of the Defendant's acts in violating

USERRA, Reinaldo Loperena has been damaged.

28. The Defendant acted willfully in violation of USERRA.

WHEREFORE, Reinaldo Loperena demands the following relief against the Defendant: (A) An Order requiring that the Lee County Sheriff comply with the provisions of USERRA; (B) lost wages and benefits; (C) Liquidated damages equal to all lost wages and benefits, and; (D) compensatory damages, and (E) all legal or equitable relief allowed by law which the Court deems just and proper.

## COUNT II
## THE AMERICANS WITH DISABILITIES ACT OF 1990

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-22 above, as if fully set forth herein.

29. This an action to redress civil rights violations pursuant to the Americans with Disabilities Act of 1990, which enacted 42 U.S.C. §12111.

30. The Defendant is an "employer" or "covered entity" as defined by the Americans with Disabilities Act of 1990 and 42 U.S.C. §12111.

31. Reinaldo Loperena is a person with a disability, or perceived as having a disability, as defined by the Americans with Disabilities Act of 1990 and 42 U.S.C. §12102.

32. Reinaldo Loperena is a qualified person with a disability, or who is perceived as having a disability, as defined by the Americans with Disabilities Act of 1990 and 42 U.S.C. §12111(8).

33. Defendant discriminated against Reinaldo Loperena on the basis of his disability or perceived disability in violation of the Americans with Disabilities Act of 1990 and 42 U.S.C. §12112.

34. Such discrimination consisted of, among other things, denying Mr. Loperena employment, terminated him from "conditional" employment, otherwise subjecting him to a different application protocol, and/or otherwise denying him other employment benefits based upon his actual or perceived disability.

35. The above invidious discrimination constitutes a violation as defined under the Americans with Disabilities Act of 1992 and 42 U.S.C.§ 12111.

36. As a direct and proximate result of the intentional, intolerable, premeditated, discriminatory acts of the Defendant, Mr. Loperena has been damaged.

37. Reinaldo Loperena is entitled to an award of damages to compensate for the loss of work, humiliation, emotional pain, distress, depression, and loss of self-esteem, loss of enjoyment of life, loss of pay (both back pay and future pay), all bonuses, fringe and retirement benefits, and medical costs and expenses.

38. The willful actions of the Defendant were so outrageous -- both in terms of policy and implementation -- and were carried out with such malice and recklessness and wanton disregard of Reinaldo Loperena's human and civil rights, that Reinaldo Loperena is also entitled to punitive damages pursuant to 42 U.S.C. §1981 (a).

WHEREFORE, Reinaldo Loperena demands the following relief: Compensatory and punitive damages, lost benefits, lost retirement income, lost income, including back

pay and front pay, pre-judgment interest, reinstatement as an alternative to front pay, attorney's fees and costs, and all other relief, legal or equitable allowed by law which the Court deems just and proper.

## COUNT III
## **VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-22 above, as if fully set forth herein.

39. Reinaldo Loperena is a person as defined by Florida Statute 760.02(6).

40. The Defendant is an "employer" within the meaning of Florida Statute 760.02(7).

41. The above facts demonstrate that Defendant engaged in "unlawful employment practices" which discriminated against Reinaldo Loperena because of his handicap, disability or perceived disability or handicap.

42. Such discrimination consisted of, among other things, denying Mr. Loperena employment, terminated him from "conditional" employment, otherwise subjecting him to a different application protocol, and/or otherwise denying him other employment benefits based upon his actual or perceived disability

43. These violations of Reinaldo Loperena's civil rights constitute "unlawful employment practice" proscribed by the Florida Civil Rights Act of 1992.

44. As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act of 1992 by the Defendant, Mr. Loperena has

suffered great economic and other loss.

45. Reinaldo Loperena's compensatory damages include loss of work, humiliation, emotional pain, distress, depression, and loss of self-esteem, loss of enjoyment of life, loss of pay (both back pay and future pay), all bonuses, fringe and retirement benefits, and medical costs and expenses.

46. Reinaldo Loperena is also entitled to punitive damages under Florida Statute 760.11(5).

WHEREFORE, Reinaldo Loperena demands the following relief against the Defendant: Compensatory and punitive damages, lost benefits, lost retirement income, lost income, including back pay and front pay, pre-judgment interest, reinstatement as an alternative to front pay, attorney's fees and costs, and all other relief, legal or equitable allowed by law which the Court deems just and proper.

DATED this 4th day of February, 2008.

Respectfully submitted,

ANTHONY F. SANCHEZ, P.A.
1570 Madruga Avenue, Suite 211
Coral Gables, Florida 33146
Tel: (305) 665-9211
Fax: (305) 662-2524
Email: afspalaw@aol.com

By: _____
ANTHONY F. SANCHEZ
Florida Bar No. 0789925